UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK COLBERT,

        Plaintiff,

vs.                                    Case No. 3:07-cv-669-J-HTS

MICHAEL J. ASTRUE,
U.S. Commissioner of
Social Security,

        Defendant.
_____

**<u>OPINION AND ORDER</u>**[1]

**<u>I.  Status</u>**

Mark Syvain Colbert is appealing the Social Security Administration's denial of his claims for Disability Insurance Benefits and Supplemental Security Income.  His alleged inability to work is based on problems with his lower back.  Transcript of Administrative Proceedings (Tr.) at 108.  Plaintiff was ultimately found not disabled by Administrative Law Judge (ALJ) William H. Greer in a Decision entered on December 13, 2006.  *Id.* at 14, 21. Claimant has exhausted the available administrative remedies and the case is properly before the Court.  Plaintiff makes several arguments in his attempt to demonstrate the Commissioner erred.

---

[1]  The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #17).

*See* Brief of Plaintiff (Doc. #19; Memorandum) at (externally numbered) 16-22. These will be described in the context of the Court's discussion.

## II.  Legal Standard

This Court reviews the Commissioner's final decision as to disability[2] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by substantial evidence[.]" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks omitted); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Ingram*, 496 F.3d at 1260. Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy. *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

"failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]" *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III. Discussion

**A. Pain/Credibility**

Claimant argues the ALJ did not properly evaluate the credibility of his subjective complaints. *See* Memorandum at (externally numbered) 16-18. In this regard, he asserts the judge failed to "apply the regulatory factors[.]" *Id.* at (externally numbered) 16 (emphasis omitted).

The regulations recognize "[p]ain or other symptoms may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone[.]" 20 C.F.R. §§ 404.1545(e), 416.945(e); *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam). The standard in the Eleventh Circuit for evaluating the Commissioner's treatment of pain testimony has been articulated as follows:

> The [Commissioner] must consider a claimant's subjective testimony of pain if she finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively

>determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); *see also Eckert v. Comm'r of Soc. Sec.*, 152 F. App'x 784, 790 (11th Cir. 2005) (per curiam); SSR 96-7p (outlining how subjective complaints are to be evaluated). "A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote*, 67 F.3d at 1561.

"After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence. If the ALJ refused to credit subjective pain testimony where such testimony is critical, he must articulate specific reasons for questioning the claimant's credibility." *Marbury*, 957 F.2d at 839 (citation omitted). "Failure to articulate the reasons for discrediting subjective [pain] testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam).

The ALJ found "that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." Tr. at 17. After noting Mr. Colbert

testified, *inter alia*, "[h]e has not seen a doctor [or had prescription medication] since December 2005[,]" and "settled his workers' compensation for $35,000.00, but he got no medical treatment[,]" the judge reasoned "[t]he claimant's lack of pain medication, and lack of treatment and seeking treatment are inconsistent with a claim of disabling pain and total disability." *Id.*

Plaintiff argues his recent lack of medical treatment is due to his not having access thereto. Memorandum at (externally numbered) 17. At the hearing, he testified he had not seen a doctor or had a prescription since December 2005. *See* Tr. at 305-06. He stated that, while he had obtained no prescription of his own in the months preceding the hearing, relatives shared "some of their pain pills," *id.* at 306, and when he had "a few dollars" he bought medicine "hot on the street[.]" *Id.* at 307. Claimant explained his workers compensation "lawyer ran off with [his] money," leaving him with no income and difficulty making ends meet. *Id.; see also id.* at 294, 312. However, in response to questioning by the ALJ, Mr. Colbert admitted he had not attempted to secure "free or reduced cost medical care through any public agency, or charity, or anything like that[.]" *Id.* at 327. Moreover, he testified that he was wary of doctors and had essentially "chosen not to pursue treatment[.]" *Id.* at 328. The suggestion that

poverty is primarily responsible for any lack of medical treatment, then, appears to have been sufficiently refuted at the hearing.

Along with a judge's obligation to expressly articulate adequate reasons for discrediting pain testimony, *see*, *e.g.*, *Reeves v. Astrue*, No. 06-16598, 2007 WL 1841166, at *7 (11th Cir. June 28, 2007) (per curiam); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam), he must consider the factors mentioned in 20 C.F.R. §§ 404.1529, 416.929.  Failure to discuss a particular item might not be fatal, but his decision must reveal compliance with the consideration requirement.  *See*, *e.g.*, *Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1378-79 (N.D. Ga. 2006); *cf. Singleton v. Astrue*, No. 3:06-CV-0760 CAN, 2008 WL 425528, at *7 (N.D. Ind. Feb. 13, 2008). The factors include 1) the claimant's daily activities; 2) "[t]he location, duration, frequency, and intensity of . . . pain or other symptoms;" 3) factors that aggravate and precipitate symptoms; 4) "[t]he type, dosage, effectiveness, and side effects of any medication . . . taken to alleviate . . . pain or other symptoms;" 5) "[t]reatment, other than medication, . . . received for relief of . . . pain or other symptoms;" 6) "[a]ny measures . . . used to relieve . . . pain or other symptoms (e.g., lying flat on [one's] back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and" 7) "[o]ther factors concerning . . . functional limitations and restrictions due to

pain or other symptoms." 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

The Decision does not adequately address these factors. Plaintiff explains he "has undergone surgery, epidural injections, trigger point injections, physical therapy, work hardening, and prolonged use of narcotic medications to relieve his pain[.]" Memorandum at (externally numbered) 17. In his summary of testimony and medical records, the ALJ acknowledged surgery, Tr. at 17, 19, use of medication, *id.* at 17-19, trigger point injections, *id.* at 18, and daily activities, *id.* at 17, but he failed to discuss the ramifications of this evidence, and his analysis made no mention at all of epidural injections, *cf.*, *e.g*, *id.* at 205, physical therapy, *cf.*, *e.g.*, *id.* at 289-90, 292-93, or participation in work hardening. *Cf.*, *e.g.*, *id.* at 278-81, 315-17. Additionally, the judge failed to discuss measures besides treatment used to relieve symptoms. *Cf.*, *e.g.*, *id.* at 307-08 (therapeutic use of ethyl alcohol). On remand, the ALJ should consider all relevant factors if Mr. Colbert's pain complaints are to be rejected.

**B. Examining Physician**

Plaintiff next contends the judge improperly evaluated the opinion of Dr. William V. Choisser, in that he "failed to state the weight . . . given [to it,] failed even to mention previously

- 7 -

undiagnosed impairments, and failed to acknowledge that the opinion was not necessarily inconsistent with that of Dr. Scharf." Memorandum at (externally numbered) 18 (emphasis omitted).

Several factors govern the analysis of information from nontreating[3] sources. As an initial matter, it is noted examining doctors' opinions are not entitled to deference. *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) (per curiam). However, the ALJ is required to consider every medical opinion that is in evidence. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Unless a treating source is given controlling weight, an opinion should be evaluated by examining such factors as: (1) length and frequency of treatment (if any), (2) nature and extent of the relationship, (3) supportability, (4) consistency, and (5) specialization. *See id.* §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6). Furthermore, the ALJ "must explain why significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam) (internal quotation marks omitted).

After recounting the evidence and detailed functional assessment from Dr. Choisser, the judge declared this physician "is not a specialist, and his opinion is not given more weight than the

---

[3] "Nontreating source means a physician, psychologist, or other acceptable medical source who has [performed an] examin[ation] but does not have, or did not have, an ongoing treatment relationship with [the claimant]." 20 C.F.R. §§ 404.1502, 416.902 (emphasis omitted).

claimant's treating orthopedic specialist."  Tr. at 19.  The ALJ did not clarify what weight he was assigning, nor did he elaborate any reasons (apart from observing the doctor "is not a specialist") for rejecting Dr. Choisser's opinions.  Even assuming he afforded the same weight to Dr. Choisser's findings as to those of Dr. Michael S. Scharf, "the claimant's treating orthopedist[,]" *id.* at 18; *cf.* Memorandum in Support of the Commissioner's Decision (Doc. #20; Opposition) at 8-9, the situation remains far from clear.  This is partly because there is no specification of the weight accorded that doctor's determinations.  Additionally, the ALJ described virtually no opinion evidence from Dr. Scharf concerning functional limitations, and rather observed this source "continued [Claimant] in a no-work status[.]"[4]  Tr. at 18; *see also id.* at 249, 274-75, 277; Opposition at 9 ("[I]t does not appear that Dr. Scharf rendered an opinion about Plaintiff's permanent limitations post-surgery.").  On remand, the ALJ will be called upon to reevaluate the evidence from Dr. Choisser, specify the weight given thereto, and provide reasoning that would permit a reviewing court

---

[4]    A conclusion as to disability or ability to work is essentially legal rather than medical.  It "is not the type of 'medical opinion' to which the Commissioner gives controlling weight."  *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005); *see also Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (per curiam) (determinations about disability or ability to work "are legal conclusions[,]" not medical opinions). As "a physician is not qualified to make" judgments as to disability or ability to work as defined by law, *Norfleet v. Sullivan*, CIV. A. No. 89-5978, 1990 WL 29675, at *4 (E.D. Pa. Mar. 14, 1990); *see also Townsend v. Apfel*, 47 F. Supp. 2d 958, 964 (N.D. Ill. 1999), an ALJ would be unjustified in according significance to legal determinations offered by doctors.  Thus, to the extent Plaintiff suggests otherwise, *see* Memorandum at (externally numbered) 19, the argument is rejected.

to determine whether an appropriate legal analysis has been conducted.[5]

### C. Step Two

Mr. Colbert alleges "[t]he ALJ improperly found [his] mental impairment to be non-severe." Memorandum at (externally numbered) 20 (emphasis omitted). He emphasizes "[t]he severity step is a threshold inquiry which allows only claims based on the most trivial impairments to be rejected." *Id.* at (externally numbered) 21-22 (internal quotation marks omitted).

Plaintiff is correct to the extent the stage at which he asserts error was committed represents merely a threshold inquiry. At step two an individual must only "prove that she has a severe impairment or combination of impairments." *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). This "is all that is required at step two." *Council v. Comm'r of Soc. Sec.*, 127 F. App'x 473, No. 04-13128, slip op. at 4 (11th Cir. 2004) (Table) (per curiam). Because the ALJ proceeded to step three, he will not be faulted for failing to characterize certain impairments as severe at the second

---

[5] On the other hand, Plaintiff's assertion "[t]he [D]ecision completely ignores the evidence of Colbert's liver disease and arthritis in the hips," Memorandum at (externally numbered) 19, does not provide an independent basis for reversal. Mr. Colbert points to no specific limitations associated with these conditions, and, unfortunately, a "mere diagnosis . . . says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam); *see also Scull v. Apfel*, 221 F.3d 1352, No. 99-7106, 2000 WL 1028250, at *1 (10th Cir. 2000) (Table) ("[D]isability determinations turn on the functional consequences, not the causes, of a claimant's condition[.]"); *Jenkins v. Astrue*, Civil Action No. 06-0987, 2008 WL 109104, at *3 (E.D. Pa. Jan. 8, 2008) ("Mere diagnosis of a condition . . . does not establish severity.").

step. Yet, of course, when determining residual functional capacity, "the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p.

### D. Technique for Evaluating Mental Impairments

Lastly, it is urged "[t]he ALJ . . . failed to make the findings required when a claimant suffers from a mental impairment." Memorandum at (externally numbered) 22. In other words, Mr. Colbert maintains the judge "failed to apply the special procedure" called for in such situations. *Id.*

Where a colorable claim of mental impairment has been presented, an ALJ must

> use the "special technique" dictated by the [psychiatric review technique form (PRTF)] for evaluating mental impairments. 20 C.F.R. §[§] 404.1520a-(a)[; 416.920a-(a)]. This technique requires separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. §[§] 404.1520a-(c)(3-4)[; 416.920a-(c)(3-4)]. The ALJ is required to incorporate the results of this technique into the findings and conclusions. 20 C.F.R. §[§] 404.1520a-(e)(2)[; 416.920a-(e)(2)].

*Moore v. Barnhart*, 405 F.3d 1208, 1213-14 (11th Cir. 2005) (per curiam); *see also id.* at 1214 (ALJ required to complete PRTF "*or* incorporate its mode of analysis into his findings and conclusions") (emphasis added); *Curry v. Astrue*, No. CA 07-0211-CG-C, 2008 WL 161925, at *2-3 (S.D. Ala. Jan. 10, 2008); *Blocker v.*

*Barnhart*, No. Civ.A. 02-6815, 2004 WL 350745, at *2 (E.D. Pa. Jan. 23, 2004) (revised regulations do not require ALJ to complete a PRTF, only "to document his findings in his decision").

The ALJ accepted that Plaintiff suffers from depression, but concluded "[t]he medical evidence shows that the claimant's depression is mild." Tr. at 16. Still, inasmuch as a colorable claim of mental impairment had been presented, the judge was required to apply the special technique. This is the case even if, ultimately, only mild limitations are assessed. *Cf., e.g., Dean v. Astrue*, C/A No. 9:06-cv-3431-GCK-GRA, 2008 WL 373624, at *24 (D.S.C. Feb. 8, 2008) ("As required, the ALJ applied the special technique and found that Plaintiff's depression resulted in no more than mild limitations on her activities of daily living, social functioning, and concentration, persistence, and pace, and no episodes of decompensation[.]").[6] Consequently, on remand the ALJ must employ the special technique with regard to Plaintiff's mental condition.

### IV. Conclusion

In accordance with the foregoing, the Clerk of the Court is directed to enter a judgment pursuant to sentence four of 42 U.S.C.

---

[6] The Commissioner asserts that, "[b]y 'adopting' the PRTF opinion evidence from the state agency consultant, the ALJ has . . . incorporated into his hearing decision[] the PRTF mode of analysis[.]" Opposition at 11; *cf.* Tr. at 17, 215-27. However, the referenced form, which indicates mild restrictions in several areas of functioning, *see* Tr. at 225, seems only to have been adopted in relation to the judge's "conclu[sion, at step two,] that the claimant does not have a severe mental impairment." *Id.* at 17 (citation to record omitted).

§ 405(g), and as incorporated by 42 U.S.C. § 1383(c)(3), **REVERSING** the Commissioner's decision with instructions to 1) address all relevant factors identified in the regulations should Plaintiff's pain complaints again be rejected; 2) reevaluate the evidence from Dr. Choisser, specify the weight given thereto, and provide reasoning that would permit a reviewing court to determine whether an appropriate legal analysis has been conducted; 3) apply the special technique to consideration of Claimant's mental condition; and 4) conduct any further proceedings deemed proper.  If, ultimately, "benefits are awarded to plaintiff, plaintiff's counsel has 30 days from his receipt of notice of the amount of past-due benefits to seek the court's approval of attorney's fees under the Social Security Act."  Memorandum at (externally numbered) 23 (internal quotation marks omitted).

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of June, 2008.

/s/        Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record
    and pro se parties, if any